VIRGINIA & AMBINDER, LLP
James Emmet Murphy, Esq. (JM7481)
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR AMASTAL and BIBIANA SALAZAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.A.P. RESTAURANT CORP., and PATRICK LIMA,<br><br>Defendants. | No. 10 CV 236 (GBD) (THK)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** |

## INTRODUCTION

Plaintiffs are former employees of Defendant C.A.P. Restaurant Corp., who allege to have worked as food service workers in Defendants' "Sombrero" restaurant. On or about January 12, 2010, Plaintiffs commenced the instant action alleging underpayment of wages under the Fair Labor Standards Act and various provisions of the New York Labor Law. Plaintiffs now move for an order permitting them to send a Notice of Pendency of their Fair Labor Standards Act claims to other "similarly situated" workers under 29 U.S.C. § 216(b). Defendants oppose Plaintiffs' motion on the grounds that Plaintiffs have utterly failed to provide *any* evidence – and, indeed, have failed to even allege sufficient facts – to meet their burden. Additionally, in the event the court does grant conditional certification, Plaintiffs' proposed Notice of Pendency submitted as Exhibit H to Plaintiffs' Affirmation in Support[1] is improper as currently drafted.

---

[1] References are made to the following documents: Declaration of Brian Schaffer of May 7, 2010, in support of Plaintiffs' instant motion (the "Declaration in Support"); Memorandum of Law of Brian Schaffer of May 7, 2010 (the "Memorandum in Support").

## POINT I:
## PLAINTIFFS HAVE OFFERED NO EVIDENCE TO MEET THEIR BURDEN FOR COLLECTIVE ACTION CERTIFICATION UNDER 29 U.S.C. § 216(B)

Plaintiffs have offered no evidentiary basis whatsoever to show that notice to potential Plaintiffs under 29 U.S.C. § 216(b) is proper. Under that provision, workers may maintain an action against an employer "for and in [sic] behalf of... themselves and other employees similarly situated." In order to meet their burden for conditional certification, Plaintiffs must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." (Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 306 (S.D.N.Y.1998)). To make the required showing, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." (Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 519 (D.Md. 2000) (internal citations omitted)); *see also* Krueger v. New York Tele. Co., 1993 WL 276058 (S.D.N.Y. 1993) (Plaintiffs must provide "some factual basis from which the court can determine if similarly situated plaintiffs exist.")

Here, the only affidavits provided by Plaintiffs in support of their motion are those of Plaintiffs Oscar Amastal and Bibiana Salazar (Declaration in Support, Ex. D). Neither the Amistal affidavit nor the Salazar affidavit alleges that *any* other employees were underpaid, let alone that any other employees were "similarly situated" to them for purposes of § 216(b) conditional certification. Notably, while Plaintiffs have provided an "opt-in" form from another individual, one Elier Rodriguez (Declaration in Support, Ex. C), neither Mr. Rodriguez nor any other potential Plaintiff has submitted any affidavit claiming to have been underpaid by Defendants.

Indeed, the only references anywhere in Plaintiffs' affidavits to any other employees of Defendants is contained in Paragraph 3 of the Amastal and Salazar Affidavits, wherein each Plaintiff states that they "believe all servers and bussers worked hours similar to mine," and in Paragraph 5, wherein they state that they "believe no servers and bussers at Sombrero were ever informed of the tip credit." (Declaration in Support, Ex. D). Nowhere in any of Plaintiffs' affidavits is there even a bare allegation, let alone a sound factual basis, that any other potential Plaintiff was underpaid – indeed, no allegation as to how any other potential Plaintiff was paid at all appears anywhere in the affidavits. Further, other than the bare references to "servers and bussers" stated above, no allegation whatsoever is made of the number or identity of any other potential Plaintiffs, or indeed that any other "similarly situated" individuals exist at all.

It is clear that Plaintiffs' utter failure to allege the existence of any other "similarly situated" individuals, or to state any factual basis for the court to determine that similarly situated individuals exist, requires denial of Plaintiffs' motion for conditional certification.

For instance, while Defendants deny the factual allegations included in the Amastal and Salazar Affidavits[2], there are no substantive allegations in those Affidavits that apply to any of Defendants' employees other than Amastal and Salazar. Indeed, the Amastal and Salazar Affidavits offer only the most limited conclusory "belief," that other "servers and bussers" worked similar hours and were not "informed of the tip credit".

No allegation is made that any other potential Plaintiff worked hours for which they were not compensated. No allegation is made that any other potential Plaintiff worked more than forty hours in a week without being paid overtime compensation. No allegation is made that any other

---

[2] Defendants' counsel's statement that "it is undisputed that prior to the filing of the instant lawsuit, Defendants did not properly pay Amastal or Salazar the proper minimum wage or overtime pay," (Memorandum in Support, p. 11) is, of course, incorrect. *See, e.g.*, Defendants' Answer (attached to the Declaration in Support as Ex. B) at ¶¶ 53-69.

potential Plaintiff had "discrepancies" in their tip payments[3]. No allegation is made that any other potential Plaintiff was paid using a "tip credit" at all. As Plaintiffs' affidavits fail to even allege the existence of potential underpayments to any other employees, they clearly fail to provide any "factual basis" sufficient to support conditional certification. While the Court has discretion to grant conditional certification and notice to a potential class under 29 U.S.C. § 216(b), Plaintiffs must make a factual showing to enable the Court to determine "whether the appropriate circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." (Hoffmann v. Sbarro, 982 F.Supp. 249, 261 (S.D.N.Y. 1977)).

Because Plaintiffs' affidavits fail to allege any wage underpayments to other potential Plaintiffs – or, at minimum, even fail to allege the existence of any other "similarly situated" individuals -- it is respectfully submitted that this Court has no basis to determine whether "they and potential plaintiffs together were victims of a common policy or plan that violated the law" (Realite, *supra*, 7 F.Supp.2d at 306 (S.D.N.Y.1998)).

While Defendants' Memorandum in Support contains the conclusory allegation that "Defendants' failure to comply with the provisions of the FLSA was systematically applied to all tipped, hourly food service workers employed at Sombrero" (Memorandum in Support, p. 7), this bare allegation is completely unsupported by any evidence at all in the record. Although Amastal and Salazar allege similar payment practices to each other, "a demonstration of the similarity of circumstances of the existing plaintiffs is, of course, insufficient… it is only when [evidence from other employees] is combined with evidence such as that provided in connection with the existing plaintiffs, of hourly rates below minimum wage, or overtime hours without

---

[3] Indeed, while both Plaintiffs allege that they "believe that there were always discrepancies between the amount of tips I earned and the amount reflected on my paycheck" (*See* Amastal Affidavit at ¶ 12; Salazar Affidavit at ¶ 13), neither affidavit alleges that the amount of tips paid to Plaintiffs was less than they were owed.

overtime pay, that the necessary showing becomes possible." (Levinson v. Primedia, Inc., 2003 WL 22533428 *2 (S.D.N.Y. 2003)). Here, Plaintiffs have provided no evidence – and, indeed, have failed in their affidavits to provide even a bare allegation – that other employees were subjected to the same payment practices they allege for themselves[4]. As such, Plaintiffs have utterly failed to meet their burden to show that conditional certification is warranted, and Plaintiffs' motion must be denied.

## POINT II:
## PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS IMPROPER

While Defendants vehemently deny that conditional certification and a notice to the class under 29 U.S.C. 216(b) is proper in this case, in the event that the Court does grant Plaintiffs' motion for conditional certification, it is clear that Plaintiffs' proposed notice of pendency (included in the Declaration in Support as Exhibit H) contains numerous defects which must be remedied before such a notice is sent.

Initially, Plaintiffs' proposed notice is addressed to all individuals who "have been employed by SOMBRERO since January 12, 2007." Plaintiffs' proposed notice makes no mention of any employees who are or may be exempt from the requirements of the Fair Labor Standards Act under 29 U.S.C. § 213; as such, Plaintiffs' proposed definition of the "similarly situated" class is overbroad.

Further, under 29 U.S.C. § 256(b), the statute of limitations on FLSA claims for opt-in Plaintiffs runs from the date the opt-in Plaintiff files a consent to joinder. As such, any opt-in Plaintiffs' claims would only go back, assuming a finding of willfulness, three years from the

---

[4] In the event Plaintiffs attempt to submit further affidavits or other evidence containing additional, substantively different allegations on reply, such an attempt would clearly be improper. As a fundamental matter of civil procedure, arguments made for the first time in reply are not properly before the Court (*see generally* Seneca Insurance Co., Inc. v. Wilcock, 2005 WL 2898460 *8 (S.D.N.Y. November 3, 2005); *see also* Knipe v. Skinner, 999 F.2d 708 (2nd Cir. 1993) ("[a]rguments may not be made for the first time in a reply brief")).

5

date the opt-in notice is filed. In keeping with the provisions of 29 U.S.C. § 256(b), courts authorizing notices of pendency under 29 U.S.C. § 216(b) routinely indicate that the proper time period for notices to be sent is three years from the date of sending of the notice, rather than the initiation of the lawsuit, as any opt-in claimants whose claims arise earlier than that date could not possibly have a claim under the Fair Labor Standards Act, and thus "providing notice to such employees would serve no useful purpose as any FLSA claims they might have had are now time-barred." (Doucoure v. Matlyn Food, Inc., 554 F.Supp.2d 369, 373 (S.D.N.Y. 2008); *see also* Anglada v. Linens 'N Things, Inc., 2007 WL 1552511 (S.D.N.Y. April 26, 2007)). As such, in the event the Court grants Plaintiffs' motion for conditional certification, notice should only be given to those individuals who have worked for Defendants within three years of the date of this Court's determination.

Further, the proposed notice states, at section nine, page 4, that "If you choose to join this lawsuit you will be represented by Fitapelli & Schaffer, LLP." This is clearly improper, as any potential Plaintiff joining in a 29 U.S.C. § 216(b) collective action has a right to retain counsel of their own choosing, and must be so informed in the notice. *See* Nawrocki v. Crimson Construction Corp., 2009 WL 2356438 (E.D.N.Y. 2009) ("It is important to ensure that both the right of potential plaintiffs to obtain separate counsel and the availability of plaintiffs' counsel to provide further information are clearly communicated"). Additionally, the notice should include the contact information for Defendants' counsel, along with instructions that potential class members may contact Defendants' counsel before filing a consent to joinder. *See* Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 107-110 (S.D.N.Y. 2003); Guzman v. VLM, Inc., 2007 WL 2994278 *8 (E.D.N.Y. 2007) ("it would be appropriate to notify potential class

members that they can seek further information about the case, and to include the contact information of defense attorneys").

## CONCLUSION

Plaintiffs' failure to provide any factual basis whatsoever for this Court to determine that "similarly situated" individuals exist requires denial of their motion for conditional certification and publication of a notice to the class. Plaintiffs' counsel's bare allegations that there exist "common policies that Defendants applied to all tipped, hourly food service workers" (Memorandum in Support, p. 11) are completely unsupported by anything at all in the record. As this Court has nothing from which to make a determination as to whether "similarly situated" individuals exist, Plaintiffs' motion must be denied.

Wherefore, for the reasons set forth above, Defendants respectfully request that this Court issue an Order (1) denying Plaintiffs' motion for conditional certification and publication of a notice of pendency under 29 U.S.C. 216(b); and (2) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 24, 2010

VIRGINIA & AMBINDER, LLP

By: _____
James Emmet Murphy (JM 7481)
111 Broadway
Suite 1403
New York, New York 10006
(212) 943-9080
*Attorneys for Defendants*